UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MIKE ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-64-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHNNIE PHELPS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**** **** **** **** ****

Mike Elliott, an inmate at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky, filed a prisoner *pro se* civil rights action under 42 U.S.C. § 1983 for alleged violations of the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments. [R. 2 p. 3]. The Court has previously granted Plaintiff's Motion to Proceed *in forma pauperis*. [R. 8]. The Complaint is now before the Court for initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A.").

During screening, allegations in the Complaint are taken as true and liberally construed in Plaintiff's favor. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) ("We must 'construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true.'") (alteration in original) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). Further, as with all pleadings submitted by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it

determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## I.   ALLEGATIONS OF THE COMPLAINT

The following is based on the allegations taken from Plaintiff's Complaint [R. 2]. In August 1991, Plaintiff was named as an accomplice in a murder and robbery and was arrested and taken into custody at the Laurel County Jail. [R. 2, p. 2]. On a Sunday evening while Plaintiff was at the county jail, Defendant Phelps, a detective with the Kentucky State Police, obtained Plaintiff's release into his custody by allegedly forging another detective's name on a jail release form. *Id.* Defendant Walker, who was the county jailer at the time, also signed the jail release form and allowed Phelps to take Plaintiff into his custody. *Id.*

Phelps then took Plaintiff to a Kentucky State Police post and allegedly interrogated him without counsel through the remainder of the night while Plaintiff was handcuffed to a chair. *Id.* In attempting to obtain Plaintiff's confession, Phelps allegedly struck and slapped him and choked him into unconsciousness three times using a choke-hold. *Id.* at p. 3. Plaintiff claims he eventually confessed because he feared for his life. *Id.* After he obtained the confession, Phelps took Plaintiff back to the county jail. *Id.*

Prior to his arrival, however, Phelps contacted his sister, a reporter for the local paper. *Id.* Phelps' sister met Phelps and Plaintiff at the jail where she took Plaintiff's picture, which appeared with a story in the paper the next day stating that Plaintiff had confessed to the murder and robbery. *Id.*

2

Plaintiff ultimately went to trial on these charges and was convicted by a jury. *Id.* The confession, however, was suppressed. *Id.* Plaintiff was sentenced to a prison term of twenty-five years to life. [R. 4 ¶ 7].

## II. ANALYSIS

Plaintiff's Complaint does not separately identify the claims he is asserting; rather, the Complaint provides a narrative of the alleged events forming the basis for his suit under § 1983. Construing Plaintiff's Complaint liberally and holding it to less stringent standards because Plaintiff is proceeding *pro se*, the Court views the Complaint as asserting two basic claims. First, Defendant Phelps improperly obtained Plaintiff's confession to the murder and robbery through the use of force. Second, Plaintiff did not receive a fair trial because of the local newspaper's pretrial publication of his confession.

To establish a right to relief under 42 U.S.C. § 1983, a plaintiff must show: (1) the deprivation of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Street v. Corr. Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In this case, Plaintiff has alleged sufficient facts, when taken as true as the Court must at this stage, to support both that he was deprived of certain constitutional rights and that this deprivation was caused by a person acting under color of state law.

The Court concludes, however, that Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because it fails to state a claim on which relief may be granted. Plaintiff's claim stemming from the improperly obtained confession must be dismissed with prejudice because it is time-barred by the one-year statute of limitations applicable to it. On the other hand, Plaintiff's claim relating to the unfair trial must be dismissed

3

without prejudice because Plaintiff has not alleged that his conviction has been reversed, as required by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

**A.  Plaintiff's Improperly Obtained Confession**

Plaintiff alleges that his confession was unlawfully obtained and was suppressed at his trial, [R. 2 p. 3], and thus seeks damages under § 1983.  Because the Court finds that *Heck* does not apply to this claim, the one-year statute of limitations applicable to his claim commenced when Plaintiff knew or had reason to know of his injury rather than being deferred until his conviction is set aside, as it would if *Heck* applied.  Plaintiff knew or had reason to know of his injury in 1991 when the facts giving rise to the claim occurred, and thus this claim is time-barred.

**1.  The *Heck* Analysis**

In *Heck*, the Supreme Court held that, in certain situations, a plaintiff seeking damages under § 1983 for harm related to a conviction or imprisonment must prove that the conviction or sentence has been reversed or otherwise declared invalid.  *Heck*, 512 U.S. at 486–87.  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  *Id.* at 487 (emphasis in original).  Accordingly, if Plaintiff seeks damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render his conviction or sentence invalid, *Heck* requires him to "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.*

Thus, ordinarily, a plaintiff would have to demonstrate that his conviction was overturned before he could recover damages for a confession used to convict him that was "unconstitutionally" coerced.  *See Morris v. City of Detroit*, No. 06-1367, 2006 WL 3690630, at *1 (6th Cir. Dec. 14, 2006) (unpublished) ("A finding that his confession was impermissibly coerced, as would be necessary to establish damages in a § 1983 action, would correspondingly demonstrate the invalidity of the accessory-after-the-fact adjudication and associated sentence of probation, in contravention of *Heck*.")*; S.E. v. Grant County Bd. of Educ.*, 522 F. Supp. 2d 826, 831 (E.D. Ky. 2007) (holding that *Heck* requires dismissal of plaintiff's § 1983 claim based on an alleged unconstitutional confession); *but see Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996) ("[J]udgment in favor of Simmons on this § 1983 action challenging his confession will not *necessarily* demonstrate the invalidity of his conviction.") (emphasis in original).  Here, however, Plaintiff's confession was suppressed, and thus, not used to convict him.

In situations such as this, the *Heck* bar does not apply.  Indeed, the Court in *Heck* stated that "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."  *Heck*, 512 U.S. at 487 (emphasis in original) (internal footnotes omitted).  Because Plaintiff's confession was suppressed, his civil rights claim based on the confession will have no bearing on his ultimate conviction.  *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999)*, abrogated on other grounds by Wallace v. Kato*, -- U.S. ---, 127 S.Ct. 1091 (2007) ("[I]f a district court, after an independent review, determined that a § 1983 cause of action would not imply the invalidity of an outstanding conviction, the § 1983 action could proceed."); *Brindley v. Best*, 192 F.3d 525, 530–31 (6th Cir. 1999) (stating that the defendants' reliance on *Heck* is misplaced because the

5

alleged unlawful seizures would not invalidate the plaintiffs' convictions given that the "items which the plaintiffs in this case claim were illegally seized were never the subject of criminal charges"); *Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998) ("Application of excessive force at a police station violates the Constitution and is immediately actionable, even if the prosecutor never tries to use the confession at trial. . . . At [the plaintiff's] request, the evidence was suppressed.  The only constitutional problems therefore occurred in 1989, and injury was felt immediately.").  Thus, to bring this action, Plaintiff does not need to prove that his conviction has been reversed or otherwise set aside.

The Court's conclusion that *Heck* does not require dismissal of the Complaint (because Plaintiff did not allege that his conviction has been overturned), however, does not end the analysis.  Because *Heck* does not apply, the one-year statute of limitations commenced when Plaintiff knew or had reason to know of his injury rather than being deferred until his conviction is set aside, as it would if *Heck* applied.

## 2.  Statute of Limitations

The statute of limitations applicable to a § 1983 claim is the state statute of limitations applicable to personal injury claims under the law of the state in which the § 1983 claim arises. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).   Here, because all events giving rise to Plaintiff's claims occurred in Kentucky, the one-year statute of limitations in KRS § 413.140(1)(a) applies.  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[W]e conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).").

The question of when the statute of limitations begins to run in a § 1983 action is a question of federal law.  *Eidson*, 510 F.3d at 635.  Normally, the limitations period begins to run

6

when a "plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.; see also Kuhnle Bros., Inc. v. County v. Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) ("In determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights.") (quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)).

This Court may dismiss the Complaint *sua sponte* as time-barred where it is obvious from the face of the Complaint that the statute of limitations has run. *Hunterson v. Disabato*, No. 06-4409, 2007 WL 1771315, at *1 (3d Cir. June 20, 2007) ("Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations show that relief is barred under the relevant statute of limitations. . . . Thus, a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations periods has run."); *Alston v. Tenn. Dep't of Corr.*, No. 01-5818, 2002 WL 123688, at *1 (6th Cir. Jan. 28, 2002) (unpublished) ("Because the statute of limitations was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."); *cf. Jones v. Bock*, -- U.S. ---, 127 S.Ct. 910, 920–21 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

When *Heck* does not apply–as here–the statute of limitations begins to run when Plaintiff knew or had reason to know of the injury that is the basis of his claims. The facts giving rise to the claims asserted by Plaintiff in his Complaint occurred in 1991, and Plaintiff knew or had reason to know of his injuries at that time. As a result, Plaintiff's § 1983 claim based on the

confession is time-barred by the one-year statute of limitations in KRS § 413.140(1)(a), and the claim must be dismissed with prejudice.[1]  *See Jeffrey v. Leonard*, No. 98-4334, 1999 WL 1336091, at *1 (6th Cir. Dec. 20, 1999) (unpublished) (dismissing case with prejudice because of meritorious statute of limitations defense); *Anderson v. Salyers*, No. 08-12, 2008 WL 320331, at *2 (E.D. Ky. Feb. 4, 2008) (same).

**B.  Plaintiff's Unfair Trial**

Plaintiff also appears to seek damages on the ground that he received an unfair trial due to the pretrial publication of the story discussing his confession.  [R. 2 p. 3].  Pretrial publicity can violate Plaintiff's constitutional rights to a fair trial.  *See Irvin v. Dowd*, 366 U.S. 717, 722 (1961) ("In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors.  The failure to accord an accused a fair hearing violates even the minimal standards of due process.").  To the extent Plaintiff asserts such a claim, it would be subject to dismissal without prejudice because it would imply the invalidity of his conviction and thus would be subject to *Heck's* favorable termination requirement.  *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999) ("[U]nder *Heck*, Callihan's civil rights action must be dismissed without prejudice until the state proceedings have resulted in a not guilty verdict, or any conviction has been overturned on appeal or questions in a federal habeas corpus petition.").

---

[1] At the latest, Plaintiff's claim based on the confession would have accrued at the time the state court suppressed the confession–because only at that point would *Heck* have become inapplicable to the claim.  Even assuming the statute of limitations commenced on that date, however, Plaintiff's claim would still be time-barred because it appears that he was convicted in 1991 (based on his statement that he has been in prison for 17 years).  [R. 5, p. 2].  His suit, therefore, was filed well after the one-year period following the suppression.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1)     Plaintiff's § 1983 claim based on the improperly obtained confession is

**DISMISSED WITH PREJUDICE**.

(2)     Plaintiff's § 1983 claim based on the unfair trial is **DISMISSED WITHOUT**

**PREJUDICE**.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of Defendants.

(4)     Plaintiff's pending Motions for appointment of counsel [R. 4] and for discovery

[R. 6] are **DENIED AS MOOT**.

(5)     The Court **CERTIFIES** that any appeal would not be taken in good faith.

This the 2nd day of May, 2008.



**Signed By:**

**_Amul R. Thapar_**

**United States District Judge**